### 71269. REEVES v. THE STATE.
(341 SE2d 711)

BENHAM, Judge.

A two-count indictment named appellant as a participant in two Clayton County armed robberies. Following the denial of his motion to sever the two offenses, a jury convicted appellant of both armed robberies. Citing *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), appellant now appeals, enumerating as error the denial of his severance motion.

Under the ABA Standards, adopted by the Supreme Court in *Dingler*, supra at 463, "[t]wo or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses . . . are of the same or similar character, even if not part of a single scheme or plan . . . [However], [w]henever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." "[W]here the offenses are so similar that they show a common scheme or plan or have an identical modus operandi, severance is discretionary with the trial court." *Mack v. State*, 163 Ga. App. 778 (1) (296 SE2d 115) (1982).

In the case at bar, appellant was accused of two armed robberies

which took place within three weeks and several miles of each other in Clayton County. In each, the perpetrator was described as wearing a red bandanna and a blue jacket, and carrying a gun. The victim of each robbery was a woman, and only money from the cash register was taken. Each time, the robber fled the scene on foot. The victim of one armed robbery and a witness to the other each picked appellant's photograph out of a photo spread as that of the perpetrator. We find that the trial court did not abuse its discretion in denying severance since the crimes charged were so similar as to evidence a common plan or scheme. *Cooper v. State*, 253 Ga. 736 (3) (325 SE2d 137) (1985); *Jones v. State*, 168 Ga. App. 652 (1) (310 SE2d 17) (1983); *Bradford v. State*, 166 Ga. App. 584 (2) (305 SE2d 32) (1983). Furthermore, the apparel common to both crimes was discovered in a search following appellant's arrest for the second armed robbery. Thus, it would have been difficult to present to a jury evidence of one of the crimes without also referring or permitting evidence of the other. *Jordan v. State*, 172 Ga. App. 496 (1) (323 SE2d 657) (1984); *Jones v. State*, supra.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 18, 1986.

*M. Shannon Feeney*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Todd E. Naugle, Assistant District Attorneys*, for appellee.