## 73491. THOMPSON v. THE STATE.
### (351 SE2d 483)

BANKE, Chief Judge.

The appellant was charged in a single indictment with the following offenses: (1) Engaging in incest with his stepdaughter Terri; (2) sexually molesting his stepdaughter Holly; (3) committing an aggra-

vated assault upon his wife, (the children's mother) on December 31, 1983, by assaulting her with a rifle; (4) committing another aggravated assault upon his wife on January 2, 1984, by again assaulting her with a rifle; and (5) also committing an aggravated assault upon his stepdaughter Terri on January 2, 1984, by assaulting her with a rifle. The trial court denied the appellant's motion to dismiss the indictment for improper joinder of offenses or, in the alternative, for severance of the offenses; and the appellant was tried on all five charges jointly. The jury found him guilty on Counts 1, 2, 4, and 5 but acquitted him on Count 3. This appeal is from the denial of his motion for new trial.

The trial took place in November of 1984. The appellant's stepdaughter Terri, who was 18 years of age at the time of trial, testified that the appellant had engaged in sexual intercourse with her on a regular basis from the time she was 12 and was the father of her 2-year-old child. She indicated that she had not told anyone about the relationship prior to 1984 because she had been afraid of what the appellant might do to her. Regarding the two aggravated assault charges of which the appellant was convicted, Terri testified that on January 2, 1984, the appellant had fired a .30-.30 rifle at the floor directly in front of her, after first hitting her in the head with the butt of the weapon, and that, on two other separate instances that same day, he had also fired the weapon at the floor directly in front of her mother.

The appellant's stepdaughter Holly, the child-molestation victim named in Count 2 of the indictment, testified that in February of 1984, while her mother was in the hospital undergoing treatment for cancer, the appellant had walked into her bedroom, touched her on her chest and between her legs, and asked her if she would "give him some." The witness was 12 years old when this incident occurred. She testified that she reported the appellant's conduct to her mother later that same month, after her mother returned from the hospital.

A third stepdaughter, Tracy, age 15 at the time of trial, testified that the appellant had begun touching her on the breasts and between her legs in November of 1983 and had continued to engage in such conduct on subsequent occasions. She stated that she had not told anyone about this behavior until March of 1984 because of her fear of him. Additionally, Holly, Tracy, and their mother described the January 2, 1984, shooting incidents in terms which were consistent with the account given by Terri.

The appellant's sole contention on appeal is that the court erred in refusing either to dismiss the indictment for misjoinder of offenses or to sever the offenses for trial. *Held:*

In *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975), the Georgia Supreme Court adopted the ABA Standards on Joinder of

Offenses. Those standards permit the joinder of separate offenses in a single indictment where they " '(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.' " Id. at 463. The ABA Standards further specify, however, that " '[w]henever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant *shall* have a right to a severance of the offenses.' " Id. (Emphasis supplied.) In other circumstances, the trial court has the discretion to grant a severance where it is deemed necessary or appropriate to achieve a " 'fair determination of the defendant's guilt or innocence of each offense,' " taking into consideration " 'whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.' " Id. at 463-464.

In the case before us, the offenses charged in Counts 1 and 2 of the indictment, i.e., incest and child molestation, were obviously related in that both involved sexual misconduct directed by the appellant against his stepdaughters at a time when all of them were living under the same roof. Under such circumstances, even had the appellant been tried separately on each of these charges, evidence of the other offense would have been admissible to establish his lustful disposition and state of mind. See generally *Jordan v. State*, 172 Ga. App. 496 (9) (323 SE2d 657) (1984); *McCoy v. State*, 174 Ga. App. 621 (1) (330 SE2d 746) (1985). It follows that these charges were properly joined in the same indictment and that the trial court was not required to sever them for trial. Accord *Jordan v. State*, supra.

It is clear that the two aggravated assault charges of which the appellant was convicted were also properly joined for trial in that they were based on the same conduct or series of acts. We are unable, however, to discern any relationship or connection between the aggravated assault charges and the sexual misconduct charges which would warrant all four of them being joined in the same indictment. In particular, we cannot accept the state's argument that, by demonstrating the appellant's violent disposition, the shooting incidents tended to support the children's testimony that their failure to report the sexual abuse sooner was attributable to their fear of the appellant; for the shooting incidents occurred only about two months before the abuse, which had been going on for years, was finally reported. Under the circumstances, the incidents simply did not serve to explain any relevant aspect of the children's conduct. Compare *Pittman v. State*, 179 Ga. App. 760 (3) (348 SE2d 107) (1986). Because no other relevant connection between the shooting incidents and the abuse has been suggested, and because the former conduct was obviously not "of the

same or similar character" as the latter, we must conclude that the two categories of offenses were improperly joined and that the trial court erred in refusing to dismiss the indictment on this basis. A contrary holding is not required by *Owens v. State*, 233 Ga. 905 (213 SE2d 860) (1975), wherein, under the unusual circumstances of that case, it was held that the jury could reasonably have viewed the appellant's murderous assault on the victim as the culmination of his incestuous and bigamous relationship with her. Id. at 910.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 19, 1986 —
REHEARING DENIED DECEMBER 5, 1986 — 

*James E. Friese*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.