75717. FRANKLIN v. THE STATE.
(364 SE2d 632)

BENHAM, Judge.

In a three-count indictment, appellant was charged with incest and child molestation of his 9-year-old stepdaughter, and contributing to the delinquency of a 14-year-old girl by engaging in sexual intercourse with her which resulted in her pregnancy. The jury acquitted appellant of incest and contributing to the delinquency of a minor, but found him guilty of child molestation. In his sole enumerated error, appellant contends the trial court should have granted him a new trial due to its failure to grant his motion to sever the delinquency count from the incest and child molestation counts.

"Under the ABA Standards [on Joinder of Offenses], adopted by

the Supreme Court in *Dingler* [*v. State*, 233 Ga. 462 (211 SE2d 752) (1975)] at 463, 'two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses are of the same or similar character, even if not part of a single scheme or plan. However, whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses.' " *Reeves v. State*, 177 Ga. App. 867 (341 SE2d 711) (1986). Where offenses are similar in nature and show a common plan or scheme, whether to grant a defendant's motion for severance is an exercise of the trial court's discretion since the crimes are not joined simply because they are similar. *Bradford v. State*, 166 Ga. App. 584 (2) (305 SE2d 32) (1983).

All of the charges leveled against appellant involved sexual activity with young girls, reaching the level of a pattern. Therefore, the trial court did not abuse its discretion in refusing to sever the offenses for trial. *Cooper v. State*, 253 Ga. 736 (3) (325 SE2d 137) (1985); *Jones v. State*, 168 Ga. App. 652 (1) (310 SE2d 17) (1983).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1988 — 

*Michael R. Jones, Sr.*, for appellant.
*John M. Ott, District Attorney*, for appellee.