## A90A0025. HARWOOD v. THE STATE.
### (394 SE2d 109)

SOGNIER, Judge.

Frank Eugene Harwood was convicted of child molestation, and he appeals.

1. Appellant contends the trial court erred by admitting the testimony of Dr. Jack Mirabile, a psychologist. Appellant was charged with sexually molesting his daughter, five years old at the time of trial. Appellant acknowledged that he had sexually molested his first daughter by a previous marriage over a ten-year period, ending only when the first daughter, at age fourteen, experienced a false pregnancy. At the time of trial the first daughter was thirty-five years old. Appellant denied having molested the victim, testifying that he had rehabilitated himself in the years prior to the birth of the victim. Appellant had received no treatment of any nature in order to become rehabilitated, but testified he had called upon his own conscience to end his behavior.

In rebuttal, the State called Dr. Mirabile and posited a hypothetical based on the evidence adduced at trial. The State asked Dr. Mirabile his opinion as to the likelihood that the man in the hypothetical could control his incestuous behavior with the present daughter. Dr. Mirabile testified that it was less likely for the hypothetical man to be able to control his impulses than for a man with no history of such sexual impulses. Pointing to the compulsive behavior which made the man commit incestuous acts despite a present knowledge that such behavior was wrong and the fact the man was unable to stop himself from committing the behavior with the first daughter until external constraints were placed on his behavior, Dr. Mirabile opined that when the opportunity presented itself with the present daughter, in the absence of treatment the mere passage of time meant the incestuous behavior was more likely to take place. Dr. Mirabile testified that no one "is simply going to learn how through the passage of simple time to control these types of actions. People with compulsivities, or compulsive behaviors do not just simply get well."

We find no merit in appellant's argument that the trial court erred by admitting Dr. Mirabile's testimony because the mathematical probabilities regarding the self rehabilitation of pedophiles or persons with incestuous behavior have not risen to a level of scientific reliability sufficient to justify its admission at trial. "Expert opinion testimony on even the ultimate issue is admissible where the conclusion of the expert is one beyond the ken of the average layman. [Cits.]" *Cohn v. State*, 186 Ga. App. 816 (3) (368 SE2d 572) (1988). We find that the recurrence of compulsive behaviors and the likelihood of a person with compulsive behavior rehabilitating himself without treatment are subject matters not within the scope of the ordinary layman's knowledge and experience, and thus evidence regarding these matters was properly admissible under OCGA § 24-9-67. See *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981).

2. Appellant contends the trial court's exclusion of Ricky Towe's testimony deprived appellant of his right to cross-examine witnesses and constituted reversible error. Appellant proffered Towe's testimony that Sheila Harwood, appellant's second wife and the mother of the victim, had previously accused Towe, her husband at the time, of sexually molesting her teenage sister. Appellant argues this evidence was relevant because it showed that Sheila Harwood, one of the persons who had accused him of molesting the victim, had falsely accused another of the same crime in the past and then utilized the false accusation to gain an advantage in her divorce from the man accused.

We agree with the trial court that the evidence appellant sought to introduce was irrelevant. " 'Evidence must relate to the questions being tried by the jury and bear upon them either directly or indi-

rectly. Irrelevant matter should be excluded.' OCGA § 24-2-1." *Robinson v. State*, 182 Ga. App. 423, 428 (20) (356 SE2d 55) (1987). The record does not support appellant's assertion that Sheila Harwood used her alleged accusation against Towe to gain custody over their son in the earlier divorce since Towe testified that there were no allegations during their divorce proceedings about any sexual misconduct on his part. While the evidence established that Harwood was in the process of divorcing appellant, there was no evidence she was attempting to gain any such advantage over appellant in the pending divorce proceedings. Questions of relevancy are generally matters within the court's discretion, *Queen v. State*, 182 Ga. App. 794, 796 (2) (357 SE2d 150) (1987), and there was no error in the exclusion of this evidence not relevant to any issue at trial. See generally *Wells v. State*, 180 Ga. App. 133, 135 (4) (348 SE2d 681) (1986).

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs in Division 1 and in the judgment.*

DECIDED APRIL 16, 1990 —
REHEARING DENIED MAY 1, 1990 —

*Whitmer & Law, James H. Whitmer, G. Hammond Law III*, for appellant.

*C. Andrew Fuller, District Attorney, W. M. Brownell, Jr., Assistant District Attorney*, for appellee.