A90A1059. JENNETTE v. THE STATE.
(398 SE2d 734)

COOPER, Judge.
Appellant was indicted on five counts of sexual assault against persons in custody pursuant to OCGA § 16-6-5.1, and five counts of simple battery pursuant to OCGA § 16-5-23. At the time of his arrest, appellant was the Jr. ROTC instructor for the Rockdale County

school system. The indictments were based upon statements from five of appellant's female students that appellant had touched them in intimate areas in a sexual manner at school during school hours. These five students testified at trial, and two former students of appellant testified as to similar incidents in which they also had been touched by appellant in similar ways. Also, at trial, one of appellant's witnesses testified on cross-examination by the State that she had been similarly touched by appellant.

Appellant was acquitted on all the sexual assault counts, and was convicted by the jury on two of the battery counts. After appellant's motion for a new trial was denied, this appeal, raising eight enumerations of error, was filed.

1. Appellant first asserts that reversible error occurred because the crime of sexual assault against persons in custody does not apply to the student/teacher relationship. Any error with regard to the sexual assault counts has been rendered moot by the full acquittal on those counts. See *Lamar v. State*, 243 Ga. 401 (6) (254 SE2d 353) (1979); *Hayes v. State*, 182 Ga. App. 26 (1) (354 SE2d 655) (1987).

2. Appellant next contends that the trial court erred in limiting the scope of the cross-examination of the State's witnesses by refusing to allow questions relating to their past sexual conduct and experience. The trial court may exercise its discretion to restrict the scope of cross-examination to the issues, and such exercise will not be interfered with on appeal unless an abuse is present. *Haynes v. State*, 180 Ga. App. 202 (3) (349 SE2d 208) (1986). In cases of child molestation, " '[t]he past sexual experience of a child . . . is irrelevant to the issue of whether molestation was committed by the defendant. . . . [Cit.] [E]vidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex. (Cits.)" *Harris v. State*, 189 Ga. App. 49 (3) (375 SE2d 122) (1988). Although appellant is not charged with child molestation, the victims involved were young — ranging in age from 14 to 17 years old. The trial court analogized to the child molestation law and disallowed the attempted cross-examination. "An irrelevant or immaterial line of inquiry may be curtailed without violence to a defendant's permissible scope of cross-examination. [Cit.] Under the circumstances of this case, we find no abuse of discretion by the trial court in its limitation of [appellant's] cross-examination on this point." *Deyton v. State*, 182 Ga. App. 73 (3) (354 SE2d 625) (1987).

3. In his third enumeration, appellant asserts error in the trial court's refusal to admit expert testimony regarding certain psychological profiles. Appellant first sought to admit testimony on the "lying child syndrome" to explain the propensity of a child to relate and to repeat untruthful statements about a person who is an authority figure in their life in order to manipulate that child's environment. Ap-

pellant also sought to introduce an expert to testify that, after evaluating a battery of psychological profile tests given to appellant, appellant does not fit the profile of a child or adolescent sex abuser. In *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981), the Georgia Supreme Court elucidated the correct rule for the admission of this type of expert testimony as follows: "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. [Cits.]" In *Smith*, the court allowed testimony on the "battered woman syndrome" to assist the jury in evaluating the defendant's claims of self-defense. Similarly, our courts have allowed experts to testify on the "battered child syndrome" to assist the jury in determining if the child has been molested based upon an expert's physical exam and case history. See *State v. Butler*, 256 Ga. 448 (2) (349 SE2d 684) (1986). However, in *Sinns v. State*, 248 Ga. 385 (3) (283 SE2d 479) (1981), the court refused to extend the *Smith* rule to the voluntariness of a confession, stating, "[t]he *Smith* holding was the result of the need to treat a unique and almost mysterious area of human response and behavior. The voluntariness of a confession is not a circumstance akin to the complex subject of battered wife syndrome." Id. at 387. Notwithstanding *Smith*, "[i]n Georgia, where (a) the path from evidence to conclusion is not 'shrouded in the mystery of professional skill or knowledge,' and (b) the conclusion determines the ultimate issues of fact in a case, the jury must make the journey from evidence to conclusion without the aid of expert testimony. [Cits.] A party may not bolster his opinion as to the ultimate issue with expert testimony when the jury could reach the same conclusion 'independently of the opinion of others.' [Cit.]" *Williams v. State*, 254 Ga. 508 (2) (330 SE2d 353) (1985). "Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. [Cit.] An expert witness may not testify as to his opinion of the victim's truthfulness. [Cits.]" *State v. Oliver*, 188 Ga. App. 47 (2) (372 SE2d 256) (1988).

The testimony on the "lying child syndrome" sought to be introduced by appellant goes to the credibility and believability of the victim witnesses' testimony that appellant committed the acts charged. The profile testimony sought to be introduced by appellant goes to the credibility and believability of appellant's own testimony that he did not commit the acts charged and further speaks to the ultimate fact of whether appellant committed those acts. From the extensive testimony and cross-examination of the various witnesses at trial, the jury, without the help of expert opinion, could have determined the credibility and truthfulness of all the witnesses and could have

formed independent opinions as to the victims' truthfulness and the appellant's capability of performing the acts he was accused of. These determinations did not involve "unique and mysterious areas of human response" necessitating expert testimony. This enumeration is without merit.

4. Appellant next enumerates that the evidence on the similar incidents should not have been admitted. " 'Evidence of other similar crimes by a defendant is admissible if there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Such evidence may be admitted to show state of mind or intent of a defendant. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' [Cit.]" *White v. State*, 193 Ga. App. 428 (4) (387 SE2d 921) (1989). The disputed testimony involved allegations very similar to those of the victims, such as kissing and touching on the school premises during school hours when appellant was the teacher and the witnesses were students. The trial court did not err in allowing such testimony.

Appellant further alleges that the State violated Uniform Superior Court Rule 31.3 in that the notice of the similar incident testimony provided to appellant was deficient because the testimony related to different time frames than that set forth in the notice. Although appellant does not cite this court to a clear portion of the record where the actual notice appears, the transcript cited reveals that as to one witness, there was an approximate three-month discrepancy. Appellant has made no showing that any of his substantial rights were deprived by this discrepancy, *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1987), and we find that there was substantial compliance with the notice rule. Additionally, appellant did receive notice of the exact time frames at the hearing held by the trial court prior to the trial. See *Stewart v. State*, 180 Ga. App. 266 (2) (349 SE2d 18) (1986). As to the failure to give prior notice of the cross-examination testimony of the appellant's witness, since the State had no prior knowledge of such testimony, no notice to appellant was required. See *Eidson v. State*, 182 Ga. App. 321 (2) (355 SE2d 691) (1987).

5. In his fifth enumeration of error, appellant asserts that the trial court erred in withholding documents used by the State's witnesses to refresh their recollections at trial. He appears to argue that certain statements made by the witnesses prior to trial and used by the witnesses to refresh memories prior to trial were not given to appellant to review. The cites given by appellant with regard to each witness indicate either that the statement in issue was made and used to refresh memory prior to the commencement of the trial, or was in

fact made available to appellant. Appellant had no right of access to any statements used to refresh memory prior to the inception of the trial. *Johnson v. State*, 259 Ga. 403 (2) (383 SE2d 118) (1989). Appellant has not advanced any citations, evidence or authority to carry his burden of establishing his right of access to the statements. *Cornwell v. State*, 193 Ga. App. 561 (4) (388 SE2d 353) (1989). Consequently, no error occurred.

6. Appellant next contends that the failure to allow him access to the statements made by the State's witnesses violated *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), which allows prior inconsistent statements to be used as substantive evidence, and *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The citations provided by appellant do not indicate that appellant made a request to introduce these statements into evidence per Gibbons; appellant was concerned about these statements only for impeachment purposes and because they were used to refresh memory. Appellant was in fact provided with several of the statements, including the ones of the witnesses for which convictions were returned. Appellant gives no specific arguments as to how access to the other statements would have created a reasonable probability that the outcome of the trial would have been different, and therefore appellant has not met his burden of establishing a *Brady* violation. *Horne v. State*, 192 Ga. App. 528 (4b) (385 SE2d 704) (1989).

Also without merit is appellant's argument that *Brady* was violated when the State failed to disclose information regarding witness Ray's decision not to pursue her original complaint against appellant. The evidence shows that appellant was present at the meeting in which Ray made her decision and was fully aware of the situation. The *Brady* rule applies only to exculpatory material unknown to the appellant. *Gilreath v. State*, 247 Ga. 814 (6) (279 SE2d 650) (1981).

7. We find no merit to the contention of appellant that the trial court erred by referring to the State's witnesses in open court as "young lady" or by stating, when a witness became upset, that "no one is going to bother you," or by referring to the witnesses as "little girls" in bench conferences with the attorneys. These statements do not express or intimate the court's opinion as to the evidence or the guilt of the accused. OCGA § 17-8-57.

8. Appellant's three-fold enumeration on the court's charge to the jury is meritless. The transcript of the charge clearly reveals that the court did tell the jury that if the standard for proving guilt was not met then they were to find the appellant not guilty. Since appellant was convicted only of battery, his contention that the court erred in submitting all charges of the indictment to the jury for possible conviction because battery is included within the crime of assault, is now moot. We so determine without expressing any opinion on the sub-

stance of appellant's argument. There was no error in failing to charge on perjury, since no written request to charge on perjury was submitted. *Williamson v. State*, 156 Ga. App. 615 (2) (275 SE2d 699) (1980).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 16, 1990 —
REHEARING DENIED NOVEMBER 15, 1990 — 

*Harger W. Hoyt, Strauss & Walker, C. Michael Walker,* for appellant.

*Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney,* for appellee.