## A90A1361. STINSON v. THE STATE.
### (399 SE2d 278)

COOPER, Judge.

Appellant was charged in two indictments with crimes stemming from two separate incidents. He appeals the judgment of conviction entered on the jury verdict.

1. In his first enumeration of error, appellant contends that the trial court erred in denying his motion for separate trials. In the first indictment, appellant was charged with cruelty to children by throwing his youngest daughter, Lucenia, against the bed and wall causing multiple bruises to her body. In the second indictment appellant was charged with the one count each of child molestation, rape, incest and cruelty to children of his oldest daughter, Natasha. Appellant argues that he was entitled to have the crimes tried separately because the offenses charged in the first indictment were unrelated to the offenses charged in the second indictment. " 'The right of severance where the offenses are joined solely on the ground that they are of the same or similar character is "because of the great risk of prejudice from a joint disposition of unrelated charges." ' (Cit.) However, where, as here, the similarity of the crimes reaches the level of a pattern, severance of the crimes is not required. [Cit.] '(I)n this particular kind of circumstance (,severance) lies within the sound discretion of the trial judge. . . .' [Cit.]" *Weddington v. State,* 191 Ga. App. 738 (5) (382 SE2d 661) (1989). The offense charged in the first indictment was related to the offenses charged in the second indictment because both involved physical abuse directed by appellant toward his daughters while they were living in the same household. Accordingly, we find no error in the denial of appellant's motion for separate trials. See *Thompson v. State,* 181 Ga. App. 163, 165 (351 SE2d 483) (1986).

2. Appellant contends that the trial court erred in denying his motion in limine to exclude testimony regarding other violent acts committed by appellant on the grounds that the evidence impermissibly placed his character into evidence. Natasha testified that appellant beat her on numerous occasions and that she also witnessed appellant beating her mother. The victims' mother testified that appellant beat her on numerous occasions in the presence of Natasha and Lucenia. Lucenia testified that she has also seen appellant beat her mother. "[Natasha's] credibility, which might be sustained by prompt reporting of the offense or by offering an explanation for the failure to do so, as well as by her reaction to and interaction with [appellant], were relevant issues for the jury's consideration. [Cit.]" *Brinson v. State,* 191 Ga. App. 151, 154 (5) (381 SE2d 292) (1989). Accordingly, we find no error with the denial of appellant's motion in limine.

3. Appellant enumerates as error the trial court's denial of his motion for directed verdict on the first indictment. Appellant contends that there was a fatal variance between the indictment and the proof in that the indictment alleged that appellant threw the victim against a bed and the wall, whereas the evidence did not establish that he threw the victim against the bed or the wall. The victim's mother testified as follows: "He told me to spank her and I wasn't

spanking her hard enough so he came in and saw it then he started to, like, hitting her real hard with a belt and made me go out of the room, but I only went out in the hall and I turned around and he had thrown her against the wall and bursted something like a light socket . . . ." The victim testified that appellant hit her and she fell off the bed and hit the electric socket. "A variance between the allegata and probata is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. [Cit.]" *Hancock v. State,* 188 Ga. App. 870, 871 (374 SE2d 757) (1988). Since it does not appear that appellant was misled or prejudiced, it was not error for the trial court to deny appellant's motion for directed verdict.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 21, 1990.

*Kendall, Dixon & Turk, Kenneth A. Glenn,* for appellant.
*W. Fletcher Sams, District Attorney, Anne Cobb, Assistant District Attorney,* for appellee.