A90A1799. EXLEY v. THE STATE.
(402 SE2d 798)

COOPER, Judge.

Appellant was charged in five indictments with five counts of child molestation, one count of rape, two counts of aggravated sodomy and two counts of aggravated child molestation. He was tried before a jury and was acquitted of one count of child molestation and convicted of the remaining counts. This appeal follows the entry of judgment on the verdict and sentencing.

1. Appellant enumerates as error the admission of testimony of a psychiatrist and a counselor which appellee contends improperly placed his character in issue. Relying on *Sanders v. State*, 251 Ga. 70 (303 SE2d 13) (1983), appellant argues that the testimony of a psychiatrist, who treated one of the victims, describing a pedophile, the general difficulties suffered by their victims and the particular problems of one of the victims, coupled with the testimony of appellant's former counselor that appellant admitted having a sexual preference for eight to ten-year-old-girls, was improper. In *Sanders*, however, the court held that evidence of a syndrome, in that case the "battering parent syndrome," and "character evidence showing a defendant's personality traits and personal history as [the] foundation for demonstrating the defendant has the characteristics of a typical battering parent" were inadmissible "unless a defendant has placed [his] character in issue or has raised some defense which the battering parent syndrome is relevant to rebut . . . ." Id. at 76. A review of the psychiatrist's testimony in the instant case reveals that he did not set forth the profile of a pedophile but merely defined the term, and there was no discussion of appellant's personal history or traits in connection

with the definition of the term. Therefore, this testimony did not place appellant's character in issue. The counselor's testimony was properly admitted (*Lipsey v. State*, 170 Ga. App. 770 (3) (318 SE2d 184) (1984)) and may have incidentally placed appellant's character in issue (see *Walls v. State*, 166 Ga. App. 503 (2) (304 SE2d 547) (1983)); however, it is highly probable that such error, if any, did not contribute to the conviction, in view of the extensive evidence provided by the victims, girls between the ages of eight and 11. See *Stevens v. State*, 195 Ga. App. 324, 326 (393 SE2d 482) (1990).

2. Appellant charges that the trial court abused its discretion in refusing to allow appellant to recall one of the victims for cross-examination after a videotaped interview of the victim was shown. " 'Pursuant to OCGA § 24-3-16, a statement made by a child under the age of 14 to another concerning sexual contact or physical abuse is admissible if the child is available to testify and the court finds sufficient indicia of reliability in the statement.' [Cit.] It is well settled that the admission of such evidence under these circumstances does not violate the constitutional right of confrontation 'if the witness testifies at trial and is subject to cross-examination.' [Cit.]" *McCoy v. State*, 194 Ga. App. 244 (3) (390 SE2d 251) (1990). Appellant contends the trial court deprived him of the opportunity to cross-examine the witness on certain allegations made in the videotaped interview. The record shows that this witness was extensively cross-examined by appellant and answered questions under recross-examination. She was excused without objection before the tape was played, and appellant was aware that the State intended to use the videotape. Four days later, after the State rested, appellant's motion for directed verdict had been denied, and appellant stated that he had no further evidence to present, appellant asked if the witness could be called for a "brief cross." " ' "The scope of cross-examination is not unlimited. That extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretion is abused." ' [Cit.]" *Lucas v. State*, 192 Ga. App. 231, 233 (2) (384 SE2d 438) (1989). Based on the foregoing, we find no such abuse of discretion. See *White v. State*, 193 Ga. App. 428 (6) (387 SE2d 921) (1989).

3. Appellant next contends his right to a thorough and sifting cross-examination of a victim was abridged by the chilling effect of the court's citing his counsel for contempt and the court's command of counsel, in a threatening tone, to "be quiet" and to "finish up." The trial transcript reveals that prior to the court's action the State had objected to appellant's question challenging the witness' memory on recross-examination. Without pausing for the court's ruling on the objection, appellant's counsel continued his questioning, and the court responded citing him for contempt. The court then ordered

counsel to "be quiet" and "finish up." The court did not "abruptly terminate the recross-examination," as appellant contends, and it appears that events immediately preceeding the trial court's action and prior warnings to counsel by the court constituted sufficient evidence upon which a rational trier of fact could find counsel guilty of wilful contempt beyond a reasonable doubt. See *In re Irvin*, 254 Ga. 251 (2) (328 SE2d 215) (1985). Given that counsel's conduct triggered the court's action, we find appellant's contention to be without merit. "It is never permissible to base appellate error on induced error. [Cit.]" *Bone v. State*, 178 Ga. App. 802, 806 (3) (345 SE2d 46) (1986).

4. Finally, appellant enumerates as error the failure of the trial court to order separate trials because of the likelihood of prejudice resulting from the jury's inability to distinguish the evidence and the lack of evidence of a scheme or plan. " ' "[T]wo or more offenses may be joined in one charge, with each offense stated in a separate court, when the offenses are of the same or similar character, even if not part of a single scheme or plan. However, whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." ' [Cit.] Where offenses are similar in nature and show a common plan or scheme, whether to grant a defendant's motion for severance is an exercise of the trial court's discretion since the crimes are not joined simply because they are similar. [Cit.] All of the charges leveled against appellant [in the instant case] involved sexual activity with young girls, reaching the level of a pattern." *Franklin v. State*, 185 Ga. App. 502, 503 (364 SE2d 632) (1988). In addition, " '[s]ince appellant was acquitted [of one] of the [child molestation] counts, it is clear that the jury was " 'able to distinguish the evidence and apply the law intelligently as to each offense.' " The trial court did not err in denying the motion to sever.' [Cit.]" *Langston v. State*, 195 Ga. App. 873 (1) (395 SE2d 74) (1990).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 27, 1991.

*John Van Lloyd*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.