A92A1558. KNIGHT v. THE STATE.
(426 SE2d 1)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of child molestation. He appeals from the judgment of conviction and sentence entered on the jury's verdict of guilt, enumerating as error only the trial court's refusal to allow certain expert testimony at trial.

On appeal, appellant contends that the expert would have testified that, in his opinion, appellant was not a pedophile. However, the proffer demonstrates that the expert did not hold such an unequivo-

cal opinion. In the expert's own words, "the validity of [appellant's psychological testing results] is exceedingly low," and the "negative findings should be interpreted quite cautiously, because [appellant] still could have been involved in child molestation but [the] absence of positive testing results failed to demonstrate same." This is not an opinion that appellant is not a pedophile, but a mere statement that psychological testing had failed to prove that he was.

Moreover, even if the proffer had demonstrated that the expert was of the unequivocal opinion that appellant was not a pedophile, such opinion would still not be admissible. There is *no* authority for the admission of an expert opinion that the *defendant* who is on trial for sex crimes against a child *is or is not* a pedophile. The question of the admissibility of such an opinion was *not* raised and resolved in *Butler v. State*, 173 Ga. App. 168 (325 SE2d 835) (1984) or *Cooper v. State*, 178 Ga. App. 709 (345 SE2d 606) (1986). In *Harwood v. State*, 195 Ga. App. 465, 466 (1) (394 SE2d 109) (1990), it was undisputed that the defendant had been a pedophile and the expert testimony at issue in that case related solely to the issue of "self rehabilitation." In *Exley v. State*, 198 Ga. App. 748-749 (1) (402 SE2d 798) (1991), the expert merely defined the term "pedophile," "and there was no discussion of appellant's personal history or traits in connection with the definition of the term."

In *Jennette v. State*, 197 Ga. App. 580, 582 (3) (398 SE2d 734) (1990), however, the issue which *was* raised and resolved was the admissibility of the testimony of an expert "that, after evaluating a battery of psychological profile tests given to appellant, appellant does not fit the profile of a child or adolescent sex abuser." This court clearly and unequivocally held: "The profile testimony sought to be introduced by appellant goes to the credibility and believability of appellant's own testimony that he did not commit the acts charged and further speaks to the ultimate fact of whether appellant committed those acts. From the extensive testimony and cross-examination of the various witnesses at trial, the jury, without the help of expert opinion, could have determined the credibility and truthfulness of all the witnesses and could have formed independent opinions as to the victim['s] truthfulness and the appellant's capability of performing the acts he was accused of. These determinations did not involve 'unique and mysterious areas of human response' necessitating expert testimony." *Jennette v. State*, supra at 582-583 (3). Here, as in *Jennette*, "profile testimony" that, in the opinion of an expert, appellant was or was not a pedophile would not constitute admissible expert testimony.

*Judgment affirmed. Johnson, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I agree the trial court did not commit harmful error by refusing to allow the expert testimony sought to be introduced by defendant. The record reveals the expert who examined the defendant would only be able to state that the psychological testing of defendant did not prove he was a pedophile; and the expert would not be able to state that it was unlikely defendant was a pedophile or that he did not commit the crime charged. I write separately because I do not agree with the reasons set forth in *Jennette v. State*, 197 Ga. App. 580 (3) (398 SE2d 734) (1990), and relied upon by the majority in this case, for excluding psychological profile evidence in criminal cases involving sexual deviations.

In *Jennette*, the defendant was indicted on five counts of sexual assault and five counts of simple battery. Id. at 580. At trial, the defendant sought to introduce expert opinion testimony on two subjects. He sought to introduce testimony on the "lying child syndrome," that is, "the propensity of a child to relate and to repeat untruthful statements about a person who is an authority figure in their life in order to manipulate that child's environment." Id. at 581. He also sought to present the testimony of an expert who would state that it was his opinion after evaluating a battery of psychological profile tests administered to defendant that defendant did not "fit the profile of a child or adolescent sex abuser." Id. at 582. In *Jennette*, we analyzed both types of opinions together and held both opinions went to the credibility of certain witnesses, the subject matter of the opinions did not involve " 'unique and mysterious areas of human response[,]' " and concluded the defendant could not offer the expert testimony. Id. at 583.

Regardless of whether this was the proper analysis for the "lying child syndrome" testimony offered by defendant, because I believe evidence concerning sexual deviations and/or sexual mental disorders involves a unique and mysterious area of human response and behavior, I do not agree with the analysis as it applies to evidence of defendant's psychological profile. Personality traits, including whether a person has a tendency for sexual deviations, are not observable, and the average juror does not have the training and experience to recognize the symptoms and characteristics of such deviations and/or mental disorders. When expert testimony about a subject beyond the ken of the average juror "indirectly, though necessarily," involves a witness' credibility, it does not render the testimony inadmissible. *State v. Butler*, 256 Ga. 448, 450 (2) (349 SE2d 684) (1986) (allowing a pediatrician to testify that she had concluded the child victim had been molested). For these reasons, I do not agree with the analysis of this issue in *Jennette* and the majority opinion.

Because I consider the evidence in question beyond the ken of

the average juror, and therefore a proper subject matter for expert testimony, I believe such testimony should be subjected to the same test as other scientific techniques and procedures.[1] That is, expert opinion evidence concerning defendant's psychological profile as it relates to his propensity to commit the crime should be admitted when "the procedure or technique [used by the expert to determine defendant's personality traits relating to sexual deviance] has reached a scientific stage of verifiable certainty. . . ." *Harper v. State*, 249 Ga. 519, 525 (292 SE2d 389) (1982) (affirming the trial court's refusal to admit the results of truth serum tests on the ground that it has not been demonstrated with verifiable certainty that such tests are an accurate and reliable means of ascertaining whether a person is telling the truth). See also *Allison v. State*, 256 Ga. 851 (2) (353 SE2d 805) (1987) (holding the trial court did not err in determining that evidence of the child sexual abuse syndrome was competent evidence); *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981) (holding the trial court erred by not allowing the defendant's expert to describe the phenomenon of "wife battering" and give an opinion about whether defendant's personality and behavior corresponded to that of other battered women the expert had studied); cf. *Sanders v. State*, 251 Ga. 70 (303 SE2d 13) (1983) (refusing to allow the State to introduce evidence concerning the "battering parent syndrome" unless the defendant placed her character in issue or raised some defense to which the syndrome was relevant).

It should also be noted that the apparently accepted practice before our decision in *Jennette* was that evidence of a defendant's psychological traits was admitted on the issue of the defendant's propensity to commit the crime. For example, in *Cooper v. State*, 178 Ga. App. 709 (345 SE2d 606) (1986) the defendant was allowed to present without objection "the testimony of an expert in psychology who testified that certain test results were wholly incompatible with a pedophile personality and that because of physical injuries and psychological traits it was most unlikely that [defendant] could experience a penile erection." Id. at 709 (1). In *Butler v. State*, 173 Ga. App. 168 (325 SE2d 835) (1984), without objection defendant was allowed to present the testimony of expert witnesses on homosexual and heterosexual pedophiles who "stated that, given defendant's normal sexual activities with his girl friend as related by him, and on the basis of statistical probability projections, these habits would be inconsistent

---

[1] In reaching my opinion concerning when such testimony should be allowed, I was guided by prior appellate decisions of Georgia courts on similar issues and cases from other jurisdictions which have had occasion to address this issue. See generally Gregory G. Sarnoy, Annotation, *Admissibility of Expert Testimony as to Criminal Defendant's Propensity toward Sexual Deviation*, 42 ALR4th 937 (1985), and the cases cited therein.

with child molestation and that rarely would the two types of sexual behavior coexist." Id. at 170. In *Harwood v. State*, 195 Ga. App. 465 (394 SE2d 109) (1990), we held the trial court did not commit reversible error by allowing the State to present the testimony of an expert concerning the probability of pedophiles or persons who engage in incestuous behavior being able to self rehabilitate. Id. at 466 (1). We recently held in *Exley v. State*, 198 Ga. App. 748 (402 SE2d 798) (1991), that expert testimony by a psychiatrist describing the characteristics of a pedophile did not impermissibly place the defendant's character in issue. Id. at 748 (1). A review of these cases also illustrates why evidence concerning the propensity or lack thereof for sexual deviant behavior involves an area of "unique and mysterious" human response appropriate for expert opinion testimony.

DECIDED SEPTEMBER 24, 1992 —
RECONSIDERATION DENIED DECEMBER 1, 1992

*John D. J. Bloodworth*, for appellant.
*Thomas C. Lawler III*, District Attorney, *Debra K. Turner, Brenda J. Bernstein*, Assistant District Attorneys, for appellee.