A92A0827. COLLAR v. THE STATE.
(426 SE2d 43)

Birdsong, Presiding Judge.

Richard E. Collar, Jr., appeals his conviction for sexually molesting his daughter. He contends the trial court erred by denying his motion for an independent psychological examination of his daughter, by excluding the testimony of a psychologist to the effect that he did not fit the child abuser profile, by excluding testimony concerning his polygraph examination, and by limiting the testimony of two of his character witnesses. *Held*:

1. The trial court did not err by refusing to order an independent psychological examination of the victim. Our Supreme Court has recognized that in criminal cases it is violative of the rights of witnesses or victims for them to be ordered to submit to surgery or examinations for visual acuity. See *State v. Haynie*, 240 Ga. 866 (242 SE2d 713). We perceive no difference between those procedures and the examination that Collar sought. Moreover, although a defendant has a right to interview witnesses, witnesses cannot be compelled to submit to the interview (*Baxter v. State*, 254 Ga. 538, 541 (331 SE2d 561); *Rutledge v. State*, 245 Ga. 768, 770 (267 SE2d 199)), and when the witness is a child, the child's guardian may make this decision. *Dover v. State*, 250 Ga. 209, 211-212 (296 SE2d 710); *Sosebee v. State*, 190 Ga. App. 746, 748-749 (380 SE2d 464).

2. Collar claims error because the trial court barred testimony he did not fit a child abuser profile. He bases this argument on the proffer of expected testimony of a psychiatrist, who was not present in court, that he gave Collar certain tests for signs of sexual deviance or abnormality and characteristics of the child abuser profile, and that Collar did not fit the profile.

This proffer was insufficient to show that expert opinion testimony on the child abuser profile should have been admitted. In *Jennette v. State*, 197 Ga. App. 580, 582-583 (398 SE2d 734), this court affirmed the exclusion of opinion evidence concerning the child abuser profile because the testimony went to the credibility of the defendant and was not beyond the ken of jurors. Nothing in Collar's proffer suggests that a different result is now appropriate. Collar's argument in this court, without supporting evidence, that the profile is

beyond the ken of the jury is insufficient to establish that as fact.

In cases in which testimony concerning other profiles or syndromes have been found admissible, e.g., *Smith v. State*, 247 Ga. 612 (277 SE2d 678); *Allison v. State*, 256 Ga. 851, 852 (353 SE2d 805), the testimony was allowed to assist the jury on matters that otherwise would have been beyond the ken of the jurors. As Collar has not shown that such assistance is necessary, he failed to show that the evidence was admissible. *Williams v. State*, 254 Ga. 508, 510 (330 SE2d 353). Finally, as Collar presented no evidence on the scientific validity of the opinion testimony he sought to introduce, the trial court could have rejected the testimony on that basis. See *Harper v. State*, 249 Ga. 519, 525 (292 SE2d 389); *Smith v. State*, supra. Accordingly, this enumeration of error is without merit.

3. Collar also contends the trial court erred by excluding testimony concerning the results of a polygraph examination conducted by the Georgia Bureau of Investigation. In this state, the results of polygraph examinations are only admissible upon the stipulations of the parties. *Miller v. State*, 259 Ga. 296 (380 SE2d 690). The evidence shows that although the State was prepared to so stipulate prior to Collar's examination, Collar refused to do so in this case, and the polygraph results which Collar sought to introduce concern juvenile proceedings involving the custody of his daughter, and not this case. Hence, there was no such stipulation and the results were not admissible. *State v. Chambers*, 240 Ga. 76-77 (239 SE2d 324). Accordingly, this enumeration is without merit.

4. Finally, Collar contends the trial court erred by refusing to allow two of his character witnesses to explain their answers. The transcript shows the testimony Collar sought exceeded the scope of character evidence established in OCGA § 24-9-84. Further, the scope of the examination of witnesses is committed to the sound discretion of the trial court, and appellate courts will not disturb this discretion unless that discretion is abused. *Palmer v. State*, 186 Ga. App. 892, 895 (369 SE2d 38). As there is no evidence of such an abuse of discretion, we find no merit to these enumerations of error.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 3. I concur in Division 2 in finding no error, because the evidence, if otherwise admissible, was not shown to have scientific validity. *Harper v. State*, 249 Ga. 519, 523 (1) (292 SE2d 389) (1982). I do not reach the other ground of exclusion, which is based on whether the evidence has a valid purpose. That is the question addressed in *Jennette v. State*, 197 Ga. App. 580, 581 (3)

(398 SE2d 734) (1990), and *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981).

DECIDED NOVEMBER 24, 1992.

*Clark & McLaughlin, Michael C. Clark*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.