## A93A2186. GREEN v. THE STATE.
(441 SE2d 689)

COOPER, Judge.

Defendant was indicted on three counts of aggravated child molestation. He was found guilty on one count of the lesser included offense of child molestation and appeals from the jury verdict and sentence.

At trial, the victim testified that the defendant, who is married to her mother, began fondling her breasts and vagina when she was approximately nine years old and that he first had sexual intercourse with her when she was about twelve years old. The victim told her mother about the abuse but her mother did nothing to stop it. She finally told a school social worker who contacted authorities.

1. In his first enumeration of error, defendant contends the trial court erred in admitting as similar transaction evidence testimony that defendant had similarly abused his daughter when she was 11 years old. The trial court admitted under OCGA § 24-3-16, the Child Hearsay Statute, testimony from a police investigator that defendant's daughter told the investigator in an interview in 1985 that she had been in bed with the defendant when he tried to put his penis between her legs. Defendant contends admission of this testimony was error because the trial court did not make a finding of "sufficient indicia of reliability" as required by the statute. This enumeration of error is without merit. "[W]e have held that it is implicit in the [trial court's] admission of statements pursuant to OCGA § 24-3-16 that the trial court made the necessary finding [of sufficient indicia of reliability]." *Calloway v. State*, 202 Ga. App. 816 (415 SE2d 533) (1992); see also *Windom v. State*, 187 Ga. App. 18 (2) (369 SE2d 311) (1988). Moreover, defendant's daughter testified at trial and admitted that the defendant's penis had touched her leg while they were in bed and that it had scared her. To the extent the daughter's testimony at trial was not entirely consistent with her former statements to the investigator, this presented a credibility question to be resolved by the jury. See *Ware v. State*, 191 Ga. App. 896 (2) (383 SE2d 368) (1989). We find the trial court properly admitted the investigator's testimony.

2. The half-sister of defendant's wife testified that when she was 14 years old the defendant came into her room and fondled her breasts and vagina. Defendant contends the trial court erred in admitting this testimony as similar transaction evidence because it was not sufficiently similar to the charged offense and because the half-sister could not be considered a child under the child molestation statute, OCGA § 16-6-4, since she was 14 at the time of the alleged molestation. We find this enumeration without merit. The evidence showed that defendant on a prior occasion had similarly abused a young girl of the same approximate age as the victim. "In a child molestation case, the sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." (Citations and punctuation omitted.) *Rash v. State*, 207 Ga. App. 585, 586 (2) (428 SE2d 799) (1993); see also *Self v. State*, 208 Ga. App. 447 (1) (431 SE2d 126) (1993) (evidence defendant similarly abused 14-year-old victim admissible in trial for molesting 13-year-old).

3. Defendant's final enumeration of error is that the trial court erred in not allowing a psychologist to testify that, based on a series of tests he had given the defendant, defendant did not fit the profile of a pedophile. The trial court excluded this testimony, relying on this court's decision in *Knight v. State*, 206 Ga. App. 529 (426 SE2d 1) (1992), in which we held that the trial court properly excluded similar expert testimony because the expert could have stated only that the psychological testing did not prove the defendant was a pedophile. Id. at 530. The trial court excluded the psychologist's testimony based on dicta in *Knight* that, even if the expert had been of the unequivocal opinion that the defendant was not a pedophile, such "profile testimony" would not constitute admissible expert testimony. See id. Pretermitting the issue of whether such profile testimony was admissible expert opinion evidence, inasmuch as defendant "presented no evidence on the scientific validity of the opinion testimony he sought to introduce, the trial court could have rejected the testimony on that basis. [Cits.]" *Collar v. State*, 206 Ga. App. 448 (2), 449 (426 SE2d 43) (1992); see also *Harper v. State*, 249 Ga. 519, 525 (292 SE2d 389) (1982). Accordingly, we find no error in the trial court's exclusion of the proffered testimony.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 2, 1994.

*James M. Barnes*, for appellant.
*Jack O. Partain III, District Attorney*, for appellee.