## A94A1449. STOWERS v. THE STATE.
### (449 SE2d 690)

RUFFIN, Judge.

Ricky Stowers was convicted of two counts of rape, two counts of aggravated child molestation, two counts of aggravated sodomy, and three counts of child molestation as the result of acts committed against three of his daughters. He appeals from the entry of the judgment of conviction and sentence.

1. Stowers enumerates as error the trial court's denial of his motion for funds for psychological examinations, including a penile plethysmograph. In its order, the trial court indicated that while evidence of such is not reflected in the record, Stowers represented to the court that a penile plethysmograph would be used to measure his physical responses to sexual stimuli. Relying on *Knight v. State*, 206 Ga. App. 529 (426 SE2d 1) (1992) and *Jennette v. State*, 197 Ga. App. 580 (3) (398 SE2d 734) (1990), the court concluded that since that test and the psychological testing sought by Stowers would ultimately be intended to show whether it was likely that Stowers committed the alleged offenses, the motion should be denied as such evi-

dence would be inadmissible at trial. The court also concluded that without further information, it could not determine whether the penile plethysmograph has reached a scientific state of verifiable certainty.

Stowers argues, contrary to our decisions in *Knight*, supra, and *Jennette*, supra, that the results of such testing should nonetheless have been admissible as expert opinion evidence concerning his psychological traits relative to the issue of his propensity to commit the crimes charged. However, the record contains no evidence demonstrating that the psychological tests will produce evidence which is beyond the ken of the average juror and therefore admissible as expert testimony. *Collar v. State*, 206 Ga. App. 448 (2) (426 SE2d 43) (1992). Nor is there evidence of the scientific validity of the tests. Id. at 449. Accordingly, this enumeration is without merit.

2. Stowers also contends the trial court erred in denying his motion to sever for trial two counts of aggravated assault against two of his daughters, charges of which he was acquitted by the jury. Stowers argues that the aggravated assault charges and the sex crimes were not of the same or similar character and were not shown to be a part of a scheme or plan or series of acts connected together. Stowers maintains that although he was acquitted of the offenses, he was nonetheless harmed by the court's failure to sever because the acquittals could have been the product of compromise.

Separate offenses may be joined in a single indictment "where they ' "(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." ' [Cit.]" *Thompson v. State*, 181 Ga. App. 163, 165 (351 SE2d 483) (1986). In denying Stowers' motion to sever, the trial court found that the alleged assaults occurred in the same time frame as the sex crimes and thus could have been related in that they may have shown an attempt to intimidate the victims into submitting to sexual abuse or to prevent them from reporting it. We agree.

The record shows that between December 1989 and November 1992, Stowers engaged in numerous sexual acts with his four daughters. After molesting two of the girls, Stowers angrily warned them not to tell anyone. He threatened one of the girls that he would kill her if she told. On one occasion, during this same period of time, Stowers tied the girls up with rope in his parents' basement, gagged their mouths with duct tape, held a gun to their heads, and threatened to kill them if they told anyone. The two aggravated assault charges were based on the alleged acts involving the gun. The act of tying up these victims and threatening them at gunpoint was part and parcel of the abuse heaped on the victims during the limited time span alleged in the indictment, much of which occurred in Stow-

ers' parents' home. In addition, the evidence supports the trial court's conclusion that Stowers' threats may have had the effect of intimidating the victims into submitting to further abuse or preventing the victims from reporting the incidents. Thus, we find no error in the joinder of the two aggravated assault counts. Compare *Thompson,* supra at 165-166.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 23, 1994.

*Neil A. Smith,* for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.