## A98A1718. ARNOLD v. THE STATE.
### (511 SE2d 219)

SMITH, Judge.

Jimmy Arnold was indicted in 1997 on charges of child molestation and aggravated child molestation. A jury found him guilty of child molestation but acquitted him on the charge of aggravated child molestation. Arnold's motion for new trial, as amended, was denied, and he appeals, raising eight enumerations of error. We find no error and affirm.

Construed to support the jury's verdict, the evidence presented at trial showed that Arnold lived with his four-year-old daughter and her mother. Arnold's daughter told a friend of the family, Olivette Moss, that she wanted to go to Moss's home. Moss often helped the child's mother care for her, and the child treated her like a grandmother. When Moss picked the child up, she thought the child "didn't

---

[2] At the time of his motion, Grice was incarcerated in the United States Penitentiary in Leavenworth, Kansas.

look well"; she appeared "tired, worn, drained," and Arnold acted strangely toward Moss. At Moss's home, the child cried hysterically when Moss bathed her, pointing to her vaginal area and saying "it was burning."

The next day, Moss was watching a movie with the child. In the film, a character mentioned keeping a secret. At that point, the child told Moss she had a secret with her father, "and he told me not to tell you." Moss made light of this at first, but the child became upset and again repeated that she had a real secret and Arnold told her not to tell either her mother or Moss. The child later told Moss her father had put Vaseline in her anus. Over the next few days, Arnold's daughter revealed more details to Moss, indicating that she had seen her father's private parts; that he had made her lick his penis; and that he had fondled her and placed his penis in her anus while watching an adult video. Moss informed the child's mother. The victim never went back to live with Arnold.

The child's mother took her to the hospital, where she was examined by a pediatrician. The doctor testified that with the help of anatomically correct dolls, the child informed her that "her mother's boyfriend" had "put his thing in there," pointing to her own groin and to the undifferentiated area between the female doll's legs. The doctor testified that her examination revealed an intact hymen and no rectal lacerations, but that these findings could nevertheless be consistent with the child's report of molestation. The mother testified that more than a week after telling Moss, her daughter told her that Arnold had put lotion on her bottom and "put his penis in my private." She testified that her daughter told her that Arnold had shown her videos with "adults naked and all over each other," and that he threatened to harm the mother if the victim told her. She confronted Arnold, but he denied the molestation. The victim also testified. She said her father had hurt her "by playing with me" and that he "touched me in places that no one should."

The State presented evidence of a similar transaction in 1983 through that incident's victim, who testified that the incident occurred when she was 13 years old and Arnold lived with her and her mother. She said that Arnold grabbed her from behind and would not let her go, pulled off her clothes and took off his own, and rubbed his penis between her legs.

1. Arnold first contends the trial court erred in admitting over objection evidence that Arnold made the victim lick his penis and that he put his mouth on her private parts, because this was evidence of "other crimes" against the victim of which the State failed to

notify the defense prior to trial as required by USCR 31.1 and 31.3.[1] We do not agree.

These acts were not similar transactions, but were part of the res gestae of the charged crimes, and as such, no prior notice was necessary. "The state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue." (Citations and punctuation omitted.) *Branam v. State*, 204 Ga. App. 205, 208 (5) (419 SE2d 86) (1992); see also *Bowman v. State*, 184 Ga. App. 197-198 (2) (361 SE2d 58) (1987). Although neither Moss nor the mother testified to a definite time when these acts occurred, the State was not required to establish an exact time, because the indictment did not charge the date as an essential element. *Branam*, supra. A reasonable inference from the testimony was that these acts occurred at the same time as the charged offenses.

Moreover, these actions were testified to several times at trial. Although Arnold objected once, that objection was not made on the ground he raises here. And he failed to object on several other occasions to its admission. He therefore cannot now complain of its admission. *Cherry v. State*, 230 Ga. App. 443, 446 (4) (496 SE2d 764) (1998).

2. We do not agree with Arnold that the trial court erred in admitting the similar transaction evidence because it was not sufficiently similar. Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible. *Brooks v. State*, 230 Ga. App. 846-847 (1) (498 SE2d 139) (1998). We find no such abuse here. Similar transactions need not be identical to be admitted. And in cases involving sexual offenses, that rule is liberally construed. Id. at 847. The trial court did not err.

3. Arnold maintains the trial court erred in permitting a witness to give impermissible opinion testimony regarding the ultimate issue. He refers to Moss's testimony that the victim told her Arnold "had molested her" and to the victim's own testimony to the same effect.

First, Moss was not testifying to her own opinion; she was merely stating what the victim *told* her. But more importantly, Arnold did not object to the victim's testimony. And Arnold's objection to Moss's testimony was not made upon the ground that it was an impermissible expression of the witness's opinion as to the ultimate

---

[1] USCR 31.1 requires the State to provide the defendant with written notice of intent to present evidence of similar transactions at least ten days before trial. USCR 31.3 requires that the notice include the transaction, the date, and the place of the similar act.

issue. Counsel stated only: "I object to that. That ain't what she said." And the trial court responded to the objection made by instructing the witness to "try to use, if you can, what the child said to you. . . . Try to use the words that the child gave you." "If counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground. Otherwise, this court will not consider it." (Citation and punctuation omitted.) *Williams v. State*, 191 Ga. App. 217, 218 (2) (381 SE2d 399) (1989).

4. Before trial, the State provided Arnold with notice of its intent to present the similar transaction crime as evidence at trial, as required by USCR 31.1. Included in the notice was a copy of his indictment for the similar transaction. Arnold contends the trial court erred in admitting into evidence a certified copy of his conviction in that case because the notice did not include a copy of the conviction, and OCGA § 17-16-4 (a) (3) requires the State to allow inspection and copying at least ten days before trial of any documents it intends to introduce as evidence at trial. We do not agree.

As the trial court aptly pointed out, the purpose of the statute is not to insist upon a technical requirement for its own sake. It was designed to ensure sufficient notice to defend against the charges. Although the notice does not appear in the record, defense counsel admitted at trial that the notice informed him that Arnold had been convicted of the similar transaction because it recited that the State intended to introduce "the following documents pertaining to similar transactions . . . and it's checked. Indictment A-69332; offense, child molestation; *disposition, guilty by trial*." (Emphasis supplied.) This notice was adequate. Moreover, counsel admitted that he read the transcript of the former trial and was aware that Arnold had been convicted. No prejudice whatsoever to Arnold has been alleged or shown, and harm as well as error must be shown to warrant reversal. *Herrin v. State*, 229 Ga. App. 260, 261 (1) (493 SE2d 634) (1997).

5. Relying upon *Belt v. State*, 227 Ga. App. 425-428 (1) (489 SE2d 157) (1997), Arnold contends that notwithstanding the absence of a request, it was error for the trial court to fail to give a limiting instruction contemporaneously with the admission of the similar transaction evidence. The Supreme Court has reversed *Belt*, rendering this contention moot.[2] *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998).

6. We find no merit in Arnold's contention that reversible error

---

[2] We note that the trial court did include a limiting instruction regarding the similar transaction evidence in its concluding charge to the jury. The Supreme Court has stated in *Belt* that "although a trial judge is not required in the absence of a request to give a limiting instruction when similar transaction evidence is admitted, it would be better for the trial judge to do so." Id. at 765.

exists because the trial court instructed the jury that the State was required to prove that he placed his hands *on* the victim's rectum when the indictment alleged that he placed them *into* her rectum. Arnold argues that this statement violated his due process rights by improperly and materially expanding the indictment.

Arnold's argument is incorrect for several reasons. First, anal penetration is not an element of the crime; placing one's hand "on" the victim's rectum satisfies the required elements as well as placing one's hand "into" her rectum. Second, it is well established that the charge must be read in its entirety. Although the trial court did say "on," shortly before that he read the charge correctly. "A manifest verbal inaccuracy is not reversible error in a charge which could not have confused or misled the jury because of the trial court's explicit instructions properly stated on the same subject before the inaccurate statement. [Cit.]" *Willingham v. State*, 268 Ga. 64, 66 (5) (485 SE2d 735) (1997).

7. It was not error for the trial court to charge the jurors they could find Arnold guilty if they found that the offense occurred "at some time within four years of this indictment, the date of the indictment." Contrary to Arnold's contention, this did not improperly "expand" the time within which the State alleged the crime took place. When the date alleged in the indictment is not a material element, the State may prove the offense occurred on any date within the statute of limitation, so long as the State meets the requirements set forth in *DePalma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969). *Whittington v. State*, 184 Ga. App. 282, 285 (4) (361 SE2d 211) (1987). Here, those requirements were met: Arnold was sufficiently informed as to the charges against him so that he could present his defense without surprise, and he was protected against another prosecution for the same offense. *DePalma*, supra.

It is true, as alleged by Arnold, that the trial court misstated the applicable statute of limitation for child molestation. It is seven years, rather than four. OCGA § 17-3-1 (c). But Arnold can show no harm from the trial court's error. Even had the trial court read the correct limitation period it would not have changed the result, and "an erroneous charge does not warrant a reversal unless it was harmful." *Foote v. State*, 265 Ga. 58, 59 (2) (455 SE2d 579) (1995).

8. In charging the jury regarding the similar transaction evidence, the trial court instructed the jury that "as far as you are concerned, that offense took place." Arnold asserts this was reversible error because it was for the jury to determine whether or not the alleged prior act was committed by the defendant, and this instruction took that determination away from the jury.

But when viewed as a whole, the charge clearly explained that very point. After informing the jury of the particular purpose for

which the similar transaction evidence had been presented, the trial court instructed the jury that "[t]he defendant is not on trial for those offenses. As far as you are concerned, that offense took place. *If you find that it took place*, you should keep in mind he is not here for you to consider whether he should be convicted of it or punished or anything for that. That is not our purpose for looking at it. That is something he's already been to court for. He was convicted and sentenced. That has already happened. That is not your responsibility to consider for that purpose but only for the limited purpose of trying to show whether or not it shows you evidence of his disposition with respect to young girls and these kinds of acts." (Emphasis supplied.) This instruction could not have confused the jury or prejudiced Arnold.

*Judgment affirmed. Johnson, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 27, 1999 —
RECONSIDERATION DENIED FEBRUARY 10, 1999 — 

*John R. Mayer*, for appellant.
*Paul L. Howard, Jr., District Attorney, David E. Langford, Assistant District Attorney*, for appellee.