A06A1393. PRATHER v. THE STATE.
(631 SE2d 758)

BLACKBURN, Presiding Judge.

A jury found Bobby Prather guilty of seven counts of sexual offenses against children, from which conviction he appeals. His sole enumeration of error is that the trial court erred in denying his motion for mistrial when one of the victims testified that Prather battered the child's grandmother shortly after that grandmother stumbled upon Prather molesting that child. Prather argues that this evidence of a separate crime against the grandmother was inadmissible and prejudiced his trial. Because the evidence supported a finding that this battering was part of the res gestae of the child molestation crime, we find no error and affirm.

"A trial court's determination that evidence is admissible as part of the res gestae will not be disturbed unless it is clearly erroneous." *White v. State.*[1] Accordingly, we construe the evidence in favor of the trial court's ruling to determine whether any evidence supports the factual underpinnings of that ruling.

So construed, the evidence shows that while living with the children's grandmother between 1998 and 2002, Prather sexually molested the granddaughter (who was seven to eleven years old during this time) by engaging in a variety of sexual acts with her, including vaginal and anal intercourse, oral sex, and digital penetration. He also molested the grandson (who was three to seven years old during this time) by engaging in similar acts with him, including oral sex, anal intercourse, and masturbation. Prather was indicted on seven sexual offenses, including three counts of child molestation,

[13] *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990).
[1] *White v. State*, 265 Ga. App. 117 (592 SE2d 905) (2004).

three counts of aggravated child molestation, and one count of aggravated sexual battery.

At trial, the children and those who interviewed the children testified to these incidents, and an audio tape and two videotapes of the three interviews were introduced. In the audio tape played to the jury, the granddaughter stated that while Prather was having sexual intercourse with her, the grandmother entered the room. The granddaughter recounted that Prather jumped up and shortly thereafter beat the grandmother, pushing her against a fan and lacerating her back. Prather immediately moved for a mistrial, claiming that evidence of the separate crime of battery was inadmissible and prejudiced his defense. The court found that the incident was part of the res gestae of the crime and denied the motion.

Prather's sole enumeration on appeal is that the court erred in denying his motion for mistrial. "The standard of review for the trial court's refusal to grant a mistrial is abuse of discretion." *Johnson v. State.*[2] Certainly, in this circumstance, there is no abuse of discretion if the trial court correctly ruled that the incident was admissible. "[E]vidence of another and distinct crime is admissible if it was committed as a part of the same transaction and formed a part of the res gestae." *Bradberry v. State.*[3] As explained in *Burton v. State,*[4] "[t]he state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue." (Punctuation omitted.)

Thus, the issue is whether the battery against the grandmother formed a part or continuation of the main transaction of child molestation and was therefore admissible as res gestae. See *Horner v. State.*[5] Here, evidence supported a finding that the battery took place shortly following the molestation as a result of this witness's discovering Prather's molestation of the granddaughter. The trial court was authorized to find such to be a part or continuation of the main transaction of child molestation and therefore admissible. See *Story v. State*[6] (evidence of physical beatings to coerce victim not to reveal defendant's acts of child molestation was admissible as res

---

[2] *Johnson v. State*, 268 Ga. App. 426, 427 (1) (602 SE2d 177) (2004).

[3] *Bradberry v. State*, 170 Ga. 859, 863 (2) (154 SE 344) (1930).

[4] *Burton v. State*, 212 Ga. App. 100 (1) (441 SE2d 470) (1994).

[5] *Horner v. State*, 257 Ga. App. 12, 13 (1) (570 SE2d 94) (2002).

[6] *Story v. State*, 194 Ga. App. 187, 188 (2) (390 SE2d 96) (1990).

gestae). Accordingly, the court did not abuse its discretion in denying Prather's motion for mistrial that was based on the admission of such evidence.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 24, 2006.

*Terry L. Schwock*, for appellant.
*J. David Miller, District Attorney, Laura E. Wood, Assistant District Attorney*, for appellee.