## A06A0993. FRANKMANN v. THE STATE.

(635 SE2d 272)

JOHNSON, Presiding Judge.

A jury found Patrick Frankmann, Sr., guilty of aggravated child molestation in that he committed an act of oral sodomy by placing his mouth on the penis of an 11-year-old boy. The trial judge imposed a twenty-year sentence, ordering Frankmann to serve ten years in confinement and ten years on probation. Frankmann appeals, arguing that the evidence is insufficient to support the verdict because of conflicts in the testimony. The argument is without merit.

> [I]t is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses, and the presence of such conflicts does not render the evidence insufficient. When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, we view the evidence in the light most favorable to the verdict. The relevant question for this court is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

Viewed in the light most favorable to the verdict, the evidence shows that Frankmann was a longtime friend of the 11-year-old boy's family and was living with the family at the time of the incident. The

---

[1] (Footnotes omitted.) *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006).

boy testified that one night he fell asleep on his bed while watching a movie in his room with Frankmann. He was awakened by Frankmann, who was performing oral sex on him. The boy told Frankmann to stop and tried to push him away, but Frankmann put his hand over the boy's mouth and inserted his finger into the boy's anus while continuing to keep his mouth on the boy's penis.

The following day, the boy told his mother and sister about the molestation. The mother told the child's father, called the police and took the boy to the hospital. A doctor examined the boy and found two lacerations of recent origin on his anus and redness on the tip of his penis.

Frankmann was the only defense witness. He testified that on the day of the incident the boy asked him several questions about sex and claimed to have engaged in oral sex with a girl. Frankmann testified that he told the boy to talk to his parents. He denied molesting the child or touching him in any sexual manner.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[2] A person commits the offense of aggravated child molestation when he commits an offense of child molestation which involves an act of sodomy.[3] Here, the testimony of the victim alone was sufficient to establish the elements of the crime charged.[4] Moreover, that testimony was corroborated by the testimony of the outcry witnesses and the doctor who examined the victim.[5] Accordingly, we hold that the evidence was sufficient to authorize the jury to find beyond a reasonable doubt that Frankmann committed the crime of aggravated child molestation by performing an act of oral sodomy on the minor child.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 3, 2006.

*Samuel W. Cruse*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.

---

[2] OCGA § 16-6-4 (a).
[3] OCGA § 16-6-4 (c).
[4] *Malone*, supra.
[5] See *Rosser v. State*, 276 Ga. App. 261, 263 (1) (623 SE2d 142) (2005).