## A06A2367. HAMMONTREE v. THE STATE.
(642 SE2d 412)

BERNES, Judge.

Jeff Hammontree appeals from his conviction of child molestation. He challenges the sufficiency of the evidence supporting his conviction and argues that the trial court erred in admitting similar transaction evidence without notice and a hearing and in admitting evidence of an internet instant message conversation. We find no error and affirm.

On appeal, Hammontree no longer enjoys the presumption of innocence. *Carey v. State,* 281 Ga. App. 816, 817 (637 SE2d 757) (2006). We do not weigh the evidence or judge the credibility of the witnesses but determine only whether, when viewed in the light most favorable to upholding the verdict, the evidence was sufficient for a rational trier of fact to find the defendant guilty of the crime charged beyond a reasonable doubt. Id.

So viewed, the evidence presented at trial showed that the 15-year-old victim and Hammontree's teenage daughter were good friends. In January 2005, the victim spent the night at Hammontree's

home. At some point in the evening, Hammontree's daughter went to the store with her boyfriend and left the victim alone in the house with Hammontree and his son. Once they were gone, Hammontree instructed his son to take out the trash. While his son was outside, Hammontree began making inappropriate sexual comments to the victim. When his son returned inside, Hammontree gave him another chore to perform. Hammontree then asked the victim to kiss him and to have sex with him. She refused.

Later that evening, when Hammontree's daughter and her boyfriend were in another room, Hammontree again approached the victim and asked her to kiss him and to have sex with him. After the victim again refused his advances, Hammontree made a comment about the size of his penis and then exposed it in an erect state to the victim. After noting that Hammontree's penis had a blackish-colored tattoo of a spider on its underside, she left the room and sought refuge with his daughter and her boyfriend. At approximately 6:00 the following morning, Hammontree emerged from his bedroom, entered the living room where the victim was sleeping and once again made sexual overtures to the victim.

Several months later, after the victim disclosed the molestation to her mother and to a police investigator, Hammontree was arrested. While Hammontree was incarcerated, a jail nurse confirmed that he did in fact have a blackish-colored spider tattoo on his penis.

At trial, the state also introduced evidence of a February 3, 2005, internet instant message conversation between the victim and Hammontree. In it, Hammontree acknowledged that his behavior was wrong and apologized for hurting or offending the victim. He also promised not to "try nothing with" her.

1. The above-cited evidence was sufficient to support Hammontree's conviction for child molestation. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). The victim's testimony alone sufficed to establish the elements of the crime charged. See OCGA § 24-4-8; *Frankmann v. State*, 281 Ga. App. 1, 2 (635 SE2d 272) (2006). We nevertheless note that her testimony was corroborated by the nurse who also saw the spider tattoo on Hammontree's penis, and by the contents of the instant message conversation between the victim and Hammontree. And, while Hammontree points to certain purported discrepancies in the evidence, we do not reweigh the evidence or judge the credibility of witnesses, a job that rests squarely with the jury. See *Cook v. State*, 276 Ga. App. 803, 804 (1) (625 SE2d 83) (2005); *Wilhelm v. State*, 237 Ga. App. 682, 684 (1) (516 SE2d 545) (1999).

Within the context of this enumeration of error, Hammontree also contends that there was a fatal variance between the allegations of the indictment and the proof at trial. The indictment alleged in pertinent part that Hammontree did an immoral and indecent act by "showing his penis to [the victim] while begging her to have sexual intercourse with him, and by rubbing his penis to erection in her presence." Hammontree argues that the evidence failed to show that he "rubbed" his penis in the presence of the victim.

Pretermitting whether Hammontree has preserved this claim of error for review, it is without merit.[1] "[W]here, as here, the indictment places a defendant on notice that the State will attempt to prove that he committed a crime in more than one manner, the jury is authorized to convict the defendant of that crime upon proof that it was committed in any of the several manners alleged." *Braley v. State*, 276 Ga. 47, 53 (31) (572 SE2d 583) (2002). The evidence at trial proved that Hammontree showed his penis to the victim as alleged in the indictment. Thus, the state's failure to prove the alternate allegation, i.e., that Hammontree rubbed his penis, was not fatal.[2]

2. Hammontree next argues that the trial court erred by admitting similar transaction evidence without the notice and hearing provided for in Uniform Superior Court Rule (USCR) 31.3. He contends that the evidence of his encounters with the victim other than the incident in which he exposed himself constituted evidence of similar transactions. We disagree.

All of Hammontree's actions on the night in question and the following morning were part of the res gestae of the crime for which he was charged and were thus admissible. See *Prather v. State*, 279 Ga. App. 552, 553 (631 SE2d 758) (2006); *Arnold v. State*, 236 Ga. App. 380, 382 (1) (511 SE2d 219) (1999). "The state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial." (Citations and punctuation omitted.) *Arnold*, 236 Ga. App. at 382. "Nothing in [USCR 31.3] is intended to prohibit the state from introducing evidence of similar transactions or occurrences which . . . are immediately related in time and place to the charge being tried, as part of a single, continuous transaction." USCR 31.3.

---

[1] Hammontree did not raise this objection at trial. See *Jackson v. State*, 252 Ga. App. 16, 16-17 (555 SE2d 240) (2001).

[2] In this single enumeration of error, Hammontree has also challenged the constitutionality of the child molestation statute. Because Hammontree did not raise this issue in the trial court, it is deemed waived. See *Estes v. State*, 279 Ga. App. 394, 395 (1) (631 SE2d 438) (2006).

And as we have held many times, the procedural requirements of USCR 31.3 do not govern the admissibility of evidence of prior difficulties between the victim and the defendant. *Dixon v. State*, 275 Ga. 232, 233 (2) (564 SE2d 198) (2002); *Myrick v. State*, 242 Ga. App. 892, 893 (1) (531 SE2d 766) (2000); *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). Thus, the trial court did not err when it admitted, without notice and a hearing, evidence of a prior difficulty between Hammontree and the victim which occurred about one week prior to the incident. The challenged evidence was admissible to show Hammontree's "motive, intent, and bent of mind in committing the act against the victim which result[ed] in the charges for which [he was] being prosecuted." (Citations omitted.) *Dixon*, 275 Ga. at 233 (2); *Myrick*, 242 Ga. App. at 893; *Wall*, 269 Ga. at 509 (2).

3. In his final enumeration, Hammontree challenges the admission of the printed transcript of the instant message conversation that took place between himself and the victim on the grounds that the state did not lay a proper foundation for its tender. We disagree.

We review the admission of evidence under an abuse of discretion standard. Electronic computer messages are held to the same standards of authentication as other similar evidence. See *Ford v. State*, 274 Ga. App. 695, 697 (1) (617 SE2d 262) (2005). The admission of transcripts of internet chat sessions are akin to the admission of videotapes, which are "admissible where the operator of the machine which produced it, or one who personally witnessed the events recorded, testifies that the videotape accurately portrayed what the witness saw take place at the time the events occurred." (Punctuation and footnote omitted.) Id.

At trial, the victim testified that she was an actual participant in the instant message session at issue. She remembered the conversation and, after reading the transcript of the exchange, confirmed that the words printed on the paper were in fact the words used in the conversation. She further testified that the transcript that was tendered as State's Exhibit 1 was actually printed from the computer in her home that she had used during the conversation, and that the printing of the transcript was done in her presence. This testimony satisfied the authentication requirements set forth in *Ford*.

Although the instant message was sent from the account of Hammontree's son, there was evidence from which the jury could infer the sender of the message was Hammontree. The sender of the message identified himself as "Jeff," "spider man," and "daddy." Hammontree's son, who testified at trial, denied being the sender of the message or participating in the conversation. And the victim testified that anybody who had access to the computer in the Hammontree home could send an instant message from Hammontree's

son's account, which was not password protected. Under these circumstances, the trial court did not abuse its discretion by admitting the challenged evidence. *Simon v. State*, 279 Ga. App. 844, 847-848 (2) (632 SE2d 723) (2006); *Ford*, 274 Ga. App. at 697-698 (1).

*Judgment affirmed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 23, 2007.

*Richard O. Allen*, for appellant.

*Richard E. Currie, District Attorney, Kurt J. Martin, Assistant District Attorney*, for appellee.