S13A0114. BURGESS v. THE STATE.
(742 SE2d 464)

BENHAM, Justice.

Appellant Jerome Burgess was convicted as a party to the crime of felony murder, six counts of aggravated assault, and possession of a firearm during the commission of a crime.[1] For the reasons that follow, we affirm appellant's convictions.

1. The record on appeal shows that on October 25, 2008, appellant participated in a drive-by shooting in Clayton County by driving the vehicle from which Andre Weems used an AK-47 to shoot at three teenagers, one of whom was fatally wounded. At trial, witnesses, including Weems, testified that appellant and everyone riding in his vehicle on the night of the shooting were members of the gang known as Murk Mob. Witnesses testified that earlier in the evening, members of Murk Mob and a rival gang known as 220 had an altercation in the parking lot of a local stadium after a high school football game. Witnesses testified that Weems specifically had words with the leader of the 220 gang. Appellant was seen with his vehicle in the parking lot, and police, who were monitoring the altercation, instructed him to leave. Weems testified that he and the other people riding in appellant's truck were "mad" at the leader of 220. Another witness stated that the occupants of appellant's truck had heated words to say about 220 after the altercation. Upon leaving the game, appellant

---

[1] On June 4, 2009, appellant and Andre Weems were indicted by a Clayton County grand jury on charges of malice murder, felony murder, nine counts of aggravated assault, and possession of a firearm during the commission of a crime. From October 18, 2010, to October 21, 2010, appellant was tried before a jury which found him guilty of felony murder, six counts of aggravated assault, and possession of a firearm during the commission of a crime. The jury acquitted appellant of the charge of malice murder and three counts of aggravated assault. On October 26, 2010, the trial court sentenced appellant to life in prison for felony murder, twenty years each for three counts of aggravated assault to be served concurrently, and five years (suspended) for possession of a firearm during the commission of a crime. The three remaining counts of aggravated assault merged into the count of felony murder. Appellant filed a motion for new trial on November 16, 2010, and amended that motion on December 9, 2010. The trial court held a hearing on the motion for new trial as amended on January 24, 2012, and denied the motion on January 26, 2012. Appellant filed a timely notice of appeal on February 27, 2012. The case was docketed to the January 2013 term of this Court and was orally argued on March 5, 2013.

drove the group to Weems's cousin's house where Weems retrieved the gun. Appellant then drove Weems and the others to another neighborhood in Clayton County where the leader of 220 lived. Witnesses stated the group was looking for the 220 gang leader in order to shoot him. However, when appellant and his friends did not find the rival gang member at his home, a witness stated the group decided to assault the three teenagers they saw in the vicinity so that Weems could "get [his] stripes." The surviving victims testified that they saw a dark colored truck at the top of a hill flash its lights a few times, that the truck's lights went out, and then the truck sped toward them at which time bullets were fired from the vehicle. Appellant took the stand at trial and denied being in a gang and testified that Weems forced him to drive the vehicle by nudging him with the gun. Although he initially stated he was unaware of Weems's intent, appellant admitted that he flashed his headlights in warning because he knew Weems intended to shoot at the victims. The medical examiner testified that the deceased victim died of a gunshot wound to his torso.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when, over appellant's objection, it allowed Clayton County police officer David Ricks ("Officer Ricks") to be qualified as an expert in gang identity and investigation. "[A] trial court has broad discretion in accepting or rejecting the qualifications of an expert, [cit.] . . . ." *Jones v. State*, 287 Ga. 770 (5) (700 SE2d 350) (2010). We will not disturb such rulings unless there is a showing that the trial court abused its discretion. *Thomas v. State*, 290 Ga. 653 (5) (723 SE2d 885) (2012). A witness need not be formally educated in the field at issue to be qualified as an expert. Id. at 658.

In this case, the evidence at trial showed that Officer Ricks was a state certified gang investigator; that he was trained by other officers in gang identity and investigation; that he trained new hires about gangs at the police academy; that he regularly made himself aware of current legal updates through the Georgia Gang Investigators Association; that he regularly monitored approximately six Clayton County-based gangs including 220 and Murk Mob, and was knowledgeable about the neighborhoods and zip codes in which the gangs operated; that he attended monthly meetings with other law enforcement agencies and jurisdictions to discuss gang activity; and that he regularly spoke with gang members. Officer Ricks also testified that he knew the colors associated with Murk Mob and had

seen photographs of their gang signs. Based on our review of the record in this case, we cannot say that the trial court abused its discretion in determining that Officer Ricks was qualified to testify as an expert in the subject of gang identity and investigation.

3. Appellant alleges the trial court erred when it permitted Officer Ricks to testify about a map of gang territories which he created and which was used as a demonstrative exhibit during trial. Appellant, however, did not object to the use of the map or Officer Ricks' testimony concerning the map. Accordingly, appellant waived review of this issue on appeal. See *Welch v. State*, 257 Ga. 197 (3) (357 SE2d 70) (1987).

4. Appellant contends the trial court erred when it allowed the admission of a document Officer Ricks had printed as part of his investigation from the social media website MySpace. The printout was a screenshot[2] of the MySpace profile page of a person going by the name of "Oops," on which the person described himself as a 19-year-old male from New York and as a member of Murk Mob, and which profile page depicted images of appellant wearing a bandana in a color associated with Murk Mob and making a sign with his hand. Appellant argues that the State's attempt to authenticate the document was insufficient because Officer Ricks could not say who owned the profile page or who created it and because Officer Ricks had not subpoenaed the website provider. We do not find this argument to be persuasive.

On appeal, the admission of evidence is reviewed for an abuse of discretion. *Hammontree v. State*, 283 Ga. App. 736 (3) (642 SE2d 412) (2007). Documents from electronic sources such as the printouts from a website like MySpace are subject to the same rules of authentication as other more traditional documentary evidence and may be authenticated through circumstantial evidence.[3] *Smoot v. State*, 316 Ga. App. 102 (4) (a) (729 SE2d 416) (2012); *Hammontree v. State*, supra, 283 Ga. App. at 739. At trial, prior to the entry of the document into evidence, several witnesses testified that appellant was known by the nickname "Oops" and that he was a member of the gang Murk Mob. Officer Ricks testified that he confirmed appellant's nickname by speaking with appellant's sister during the investigation, that he used this information to access the publicly-available MySpace profile page, that he printed the document from his computer while

---

[2] A "screenshot" is "an image that shows the contents of a computer display." Merriam-webster.com, http://www.merriam-webster.com/dictionary/screenshot (April 9, 2013).

[3] This case was tried before January 1, 2013, which is the effective date of Georgia's new Evidence Code, including OCGA § 24-9-901 ("Requirement of authentication or identification"). See Milich, Courtroom Handbook on Georgia Evidence A10.5 (2013 ed.).

observing the MySpace profile page, and that the printout fairly and accurately depicted what he observed on his computer screen. Officer Ricks also stated that he compared known photographs of appellant with the images depicted in the printout and determined they were images of appellant. Officer Ricks was also able to confirm, through his contact with appellant's family during the investigation, that appellant was 19 years old at the time the document was printed and that appellant was originally from New York. In this case, there was sufficient circumstantial evidence to authenticate the printout from the MySpace profile page. See *Smoot*, supra, 316 Ga. App. at 110; *Tienda v. State*, 358 SW3d 633 (Tex. Crim. App. 2012); *Rene v. State*, 376 SW3d 302, 307 (Tex. App. 2012). The trial court did not abuse its discretion when it admitted the printout of the MySpace profile page into evidence at trial. See *Hammontree*, supra, 283 Ga. App. at 739.

5. Appellant alleges the trial court erred when it allowed the admission of evidence that appellant was wearing colors and making signs associated with the Murk Mob gang. For the reasons explained in Divisions 2 and 4, the trial court did not err when it allowed Officer Ricks to testify in his expert opinion that appellant was wearing colors and was making hand gestures associated with the gang Murk Mob in the images depicted in the printout of the MySpace profile page. This enumeration of error lacks merit.

6. Appellant alleges the trial court erred when it allowed the admission of evidence concerning the altercation that took place at the football game hours before the shooting occurred. At trial, the State argued that this incident was relevant as part of the res gestae of the crime and was admissible to show motive. Pretermitting whether the incident was part of the res gestae of the crime, the trial court did not abuse its discretion admitting evidence regarding the football game altercation because the incident was still relevant to show motive for the events that unfolded later that night. See *Merritt v. State*, 285 Ga. 778 (3) (683 SE2d 855) (2009) (evidence of motive is always relevant in a murder trial). Specifically, Weems testified that he had words with the leader of the rival gang 220 at the football game; Weems testified that everyone in appellant's vehicle was "mad" about the altercation; witnesses testified that after the game, appellant drove Weems and other members of the Murk Mob to a house where Weems picked up a gun; and witnesses testified that appellant then drove Weems and the others to the neighborhood where the shooting took place to look for the 220 gang leader. Thus, the incident in the parking lot at the football game explains the groups' original intent on the night in question even if the target of their aggression changed from the 220 gang leader to the victims who were on a street that was one street over from the 220 gang leader's house. Since the

evidence was admissible to show motive, this enumeration of error cannot be sustained. See *Thomas v. State*, 268 Ga. 135 (5) (485 SE2d 783) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2013.

*Steven M. Frey*, for appellant.

*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Billy J. Dixon, Luana P. Nolin, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General*, for appellee.