**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 11, 2014

# In the Court of Appeals of Georgia

A14A0690. ABNEY v. THE STATE.

BARNES, Presiding Judge.

Ronald Lynne Abney was indicted on three counts of obscene Internet contact with a child, and a jury found him guilty of all three counts. However, before sentencing, the trial court granted Abney's general demurrer to count 1 of the indictment and entered a judgment of conviction and sentence only on counts 2 and 3. The trial court thereafter denied Abney's motion for a new trial on counts 2 and 3. On appeal, Abney contends that he is entitled to a new trial on counts 2 and 3 of the indictment because the trial court erred in refusing to allow a defense expert to testify about the results of Abney's pretrial psychosexual evaluation. Abney also contends that the trial court erred when it reserved ruling on his general demurrer to count 1 of the indictment until after the jury found him guilty of all three counts. For the reasons discussed below, we discern no error and affirm.

"Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to sustain the verdict." *Anthony v. State*, 317 Ga. App. 807 (732 SE2d 845) (2012). So viewed, the evidence showed that in November 2010, an undercover officer with the Special Victims Unit of the Gwinnett County Police Department was investigating Internet crimes against children. The officer pursued these investigations by using a computer at police department headquarters to pose as an underage teenager in chat rooms on the Internet. The officer would wait for a user to broach the subject of sex or the sharing of explicit photographs or videos. The officer's computer was programmed to record the written communications, photographs, or videos that were transmitted during conversations the officer had with such a user. Consequently, the written communications, photographs, and videos at issue in the present case were recorded.

On the afternoon of November 1, 2010, the officer logged onto an Internet chat room posing as a 13-year-old girl with the screen name "dixiechickie13." The chat room was a "regional chat room" for Atlanta. Although it was the policy of the chat room that all online users be at least 18 years old, the officer testified that in his experience the age policy was not policed by the Internet company associated with the chat room.

While posing as "dixiechickie13," the undercover officer was contacted via instant message by another website user, later identified as Abney, using the screen name "mike_oxard10." Abney identified himself as a 36-year-old male located in Georgia. The officer responded that he was a 13-year-old female located in Georgia who was "sitting here, waiting for mom to get home."

Abney asked "dixiechickie13" if she had any "pics to share." The undercover officer then sent Abney photographs of a female colleague in the police department who had given the officer permission to use pictures that had been taken of her when she was 13 or 14 years old. Abney viewed the photographs and commented that "dixiechickie13" was a "cutie." He asked "dixiechickie13" if she had a boyfriend or if her mom knew that she was logged into the chat room, and the officer answered in the negative to both questions and wrote that "[mom] would FREAK."

Abney invited "dixiechickie13" to view his webcam transmission. The undercover officer accepted the request, which allowed him to see and record the video transmitted from Abney's computer as they wrote back and forth to each other. After Abney activated his webcam, he asked "dixiechickie13" whether she had ever been "naughty" online, and the officer responded, "im new on here." Abney also asked "dixiechickie13" if she had ever had sex, and the officer answered in the

3

negative. Abney then engaged in a graphic conversation with the officer posing as "dixiechickie13" about sex and masturbation while transmitting images from his webcam of his penis as he masturbated. During the interaction, Abney asked "dixiechickie13" if she had "pics of [her] ass" or in a bikini, and the officer responded, "no sorry i don't. mom got pissed and took away my phone . . . [that] had my camer[a]." The officer ultimately broke off the interaction by claiming that "mom will be home in a few minutes."

Following an investigation into the identity of "mike_oxard10," the undercover officer who had posed as "dixiechickie13" along with other officers executed a search warrant at Abney's house in Gwinnett County, where they discovered a computer with an online account under that user name. Abney was present during the search and agreed to speak with the undercover officer after being advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966). Abney admitted that he was "mike_oxard10" and had interacted online with "dixiechickie13" in a sexually explicit manner. But Abney claimed that he thought he had been engaging in "fantasy role play[]" with another adult user and never intended to interact with an actual underage female.

4

Based on his sexually explicit interaction with "dixiechickie13," Abney was indicted on three counts of obscene Internet contact with a child under OCGA § 16-12-100.2 (e) (1).[1] The State alleged that in his online interactions with "dixiechickie13," Abney had believed he was interacting with a 13-year-old girl and thus had acted with the requisite criminal intent under the statute.

Abney retained a psychologist who conducted a psychological and psychosexual evaluation of him. After conducting the evaluation, the psychologist issued a report in which he opined that "Mr. Abney's test results and his self-report are not suggestive of any sexual deviance towards minors," that "Mr. Abney does not appear to pose a risk of sexually offending in the future," and that "there does not

---

[1] OCGA § 16-12-100.2 (e) (1) (2010), in effect at the time of the alleged crimes, provided:

> A person commits the offense of obscene Internet contact with a child if he or she has contact with someone he or she knows to be a child or with someone he or she believes to be a child via a computer on-line service or Internet service, including but not limited to a local bulletin board service, Internet chat room, e-mail, or on-line messaging service, and the contact involves any matter containing explicit verbal descriptions or narrative accounts of sexually explicit nudity, sexual conduct, sexual excitement, or sadomasochistic abuse that is intended to arouse or satisfy the sexual desire of either the child or the person, provided that no conviction shall be had for a violation of this subsection on the unsupported testimony of a child.

Minor revisions were made to subsection (e) (1) in 2013. See Ga. L. 2013, p.663, § 3 / HB 156.

appear to be any need for any psychological interventions based upon [Mr. Abney's] sexual history and overall psychosexual (or psychological) functioning."

Before trial, Abney filed a motion in limine requesting that he be permitted to call the psychologist to testify as a defense witness in support of his claim that he had not acted with the intent to interact with an underage girl. Following a pretrial hearing on the issue in which Abney proffered the report prepared by the psychologist, the trial court denied the motion. The trial court noted, "I mean, that's the issue for the jury, is whether or not at the time of the [I]nternet liaison, . . . [Abney] had the intent that the statute requires." The trial court further noted that "an expert cannot come in, no matter how well-trained they are, and opine about what is the ultimate issue for a jury."

At the ensuing jury trial, the undercover officer who had posed as "dixiechickie13" testified regarding his online interactions with Abney, the search of Abney's house, and his interview with Abney. The State also introduced into evidence an audio recording of the officer's interview of Abney, as well as transcripts of the online communications between Abney and "dixiechickie13," the photographs of the underage girl that the undercover officer had sent to Abney, and screen shots of the sexually explicit images transmitted from Abney's webcam.

After the State rested, Abney argued that count 1 of the indictment was subject to general demurrer on that ground that the substance of that count was legally insufficient to charge a crime under OCGA § 16-12-100.2 (e) (1).[2] Abney also moved for a directed verdict of acquittal on all three counts, challenging the sufficiency of the evidence presented by the State. The trial court denied the motion for a directed verdict on counts 2 and 3, but reserved ruling on the general demurrer and motion for direct verdict on count 1.

Abney then elected to testify in his own defense. Abney testified that he routinely engaged in "fantasy role plays" online and that he had believed that his sexually explicit interaction with "dixiechickie13" had been nothing more than role playing between consenting adults. Abney claimed that he had always believed that the photographs of the underage female sent to him by the officer were "old" pictures of an adult user, and he testified that he never intended to interact with an underage female.

---

[2] "[A] general demurrer, in which a defendant contends that the charging instrument fails altogether to charge him with a crime, may be raised at any time before the trial court." (Citation omitted.) *Bryant v. State*, 320 Ga. App. 838, 841 (3) (740 SE2d 772) (2013).

7

After the defense rested, the trial court again reserved ruling on Abney's general demurrer and motion for a directed verdict of acquittal on count 1 and allowed the case to go to the jury on all three counts. The jury subsequently returned a verdict finding Abney guilty of all three counts of obscene Internet contact with a child. Later, at the sentencing hearing, the trial court granted Abney's general demurrer to count 1 and entered a judgment of conviction and sentence only on counts 2 and 3 of the indictment. Abney filed a motion for a new trial as to counts 2 and 3, which the trial court denied, resulting in this appeal.

1. Abney contends that he is entitled to a new trial on counts 2 and 3 because the trial court erred in excluding the testimony of the psychologist who conducted the psychological and psychosexual evaluation of him. According to Abney, the psychologist's testimony about the evaluation should have been permitted because it would have supported his defense that he did not intend to have obscene Internet contact with an underage girl. We are unpersuaded.

It is well-established that "an expert may not offer an opinion on an ultimate issue of fact – including the issue of the defendant's guilt – where the jury is capable of making that determination without expert assistance." (Emphasis omitted.) *Thomas*

8

*v. State*, 318 Ga. App. 849, 854 (4) (a) (734 SE2d 823) (2012).[3] See *Harris v. State*, 283 Ga. App. 374, 379 (3) (641 SE2d 619) (2007). Furthermore, a trial court has broad discretion in deciding whether to admit or exclude the testimony of an expert. See *Burgess v. State*, 292 Ga. 821, 822 (2) (742 SE2d 464) (2013).

The trial court did not abuse its discretion by excluding the expert testimony of the psychologist retained by the defense. We have repeatedly held that opinion testimony from an expert who administered psychological testing to the defendant regarding whether the defendant exhibited signs of sexual deviance or abnormality or met the profile of a child or adolescent sex abuser is not admissible in Georgia. See *Hudson v. State*, 218 Ga. App. 671, 674-675 (4) (462 SE2d 775) (1995); *Gilstrap v. State*, 215 Ga. App. 180 (1) (450 SE2d 436) (1994); *Lewis v. State*, 212 Ga. App. 310, 311 (2) (441 SE2d 851) (1994); *Collar v. State*, 206 Ga. App. 448, 448-449 (2) (426 SE2d 43) (1994); *Jennette v. State*, 197 Ga. App. 580, 581-583 (3) (398 SE2d 734) (1990). As we have explained, this type of opinion testimony goes to the credibility of the defendant and his capability of performing the acts of which he was accused,

---

[3] Because the present case was tried in June 2012, the new Georgia Evidence Code does not apply to any of the evidentiary issues addressed in this case. See Ga. Laws 2011, Act 52, § 101 ("This Act shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date.").

9

and such matters are not beyond the ken of the jurors and thus do not necessitate expert testimony. See id. Accordingly, in light of this precedent, we conclude that the trial court acted within its discretion in excluding the testimony of the psychologist retained by the defense.

2. Abney next contends that the trial court erred by failing to grant his general demurrer to count 1 before the jury began its deliberations and found him guilty of all three counts. According to Abney, the trial court, by waiting until sentencing to grant the general demurrer on count 1, caused the jury to have to discuss that count and thus "tainted" its deliberations on the remaining two proper counts. Again, we are unpersuaded.

We have held that a trial court may reserve ruling on a motion for a directed verdict of acquittal until after the jury returns its verdict and is dispersed, see *State v. Seignious*, 197 Ga. App. 766, 767 (399 SE2d 559) (1990), and we discern no reason why the same rule should not apply to a general demurrer. Moreover, even if the trial court had erred in its decision to reserve ruling on the demurrer, the burden is on Abney to show harm as well as error. See *Humphreys v. State*, 287 Ga. 63, 78 (8) (a) (694 SE2d 316) (2010). At the hearing on the motion for new trial, Abney conceded that evidence pertaining to count 1 of the indictment would have been

10

admissible at trial as part of the res gestae, even if the trial court had quashed that count before trial. Because the jury would have heard the same evidence irrespective of when the trial court ruled on the general demurrer, Abney cannot show harm and thus has failed to establish a basis for reversal. See *Ballentine v. State*, 194 Ga. App. 560, 562 (4) (390 SE2d 887) (1990).

*Judgment affirmed. Boggs and Branch, JJ., concur*.