**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 25, 2014

# In the Court of Appeals of Georgia

A14A0791. HOLCOMB v. THE STATE.

McFADDEN, Judge.

Michael Holcomb appeals from his convictions for child molestation and aggravated sexual battery, contending that the evidence is insufficient to support the guilty verdict. We disagree and affirm.

When a criminal defendant challenges his conviction on the ground of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (b) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original).

So viewed, the evidence showed that, beginning in 2006, A. H. and her brother lived with their grandmother and Holcomb, their uncle. Holcomb's bedroom was right next to A.H.'s bedroom. A. H. testified that in February 2008, when she was 12 years old, Holcomb began coming into her room at night and touching her inappropriately. Over the course of about a month, he progressed from fondling A. H.'s breasts and genitals to digitally penetrating her, as well as exposing himself to her and forcing her to touch his genitals.

This evidence authorized the jury to find that Holcomb committed the offense of child molestation, which occurs when a person "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (1). This evidence also authorized the jury to find that Holcomb committed the offense of aggravated sexual battery, which occurs when a person "intentionally penetrates with a foreign object the sexual organ . . . of another person without the consent of that person." OCGA § 16-6-22.2 (b). A. H.'s testimony alone was sufficient to establish the elements of these offenses. See *Hammontree v. State*, 283 Ga. App. 736, 737 (1) (624 SE2d 412) (2007).

Nevertheless, Holcomb argues the evidence is insufficient to support his convictions, because other evidence challenged A. H.'s credibility. He points to testimony that A. H. had a reputation for untruthfulness, evidence that A. H. delayed her outcry in this case, and A. H.'s own admission that she lied in her testimony for another molestation case in which she was the victim. He also points to the fact that A. H.'s family members did not corroborate her story. But see *Mauldin v. State*, 313 Ga. App. 228, 231 (1) (721 SE2d 182) (2011) (a victim's testimony is sufficient, regardless of whether there are corroborating witnesses). Citing former OCGA § 24-9-85 (a), Holcomb argues that he successfully impeached A. H.'s testimony, and consequently the jury should not have believed her. (A similar witness impeachment statute may be found in Georgia's new Evidence Code at OCGA § 24-6-608.)

Whether A. H. gave a credible account of Holcomb's actions, however, was for the jury to decide. It is well-established that

> [i]t is the function of the jury, not this [c]ourt, to judge the credibility of witnesses, resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. In so doing, a jury is authorized to believe or disbelieve all or any part of the testimony of witnesses. Ultimately, as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

3

*Mauldin*, 313 Ga. App. at 231 (1) (citations omitted). Additionally, "[t]his court does not re-weigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." *Cook v. State*, 276 Ga. App. 803, 804 (1) (625 SE2d 83) (2005) (citation omitted).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*